## MILCOR STEEL CO. v. REEVES MFG. CO.
### No. 5434.

Circuit Court of Appeals, Seventh Circuit.
July 27, 1935.

Rehearing Denied Sept. 20, 1935.

Wm. F. Buckley, of Milwaukee, Wis., and George L. Wilkinson, of Chicago, Ill., for appellant.

Harry Frease and John H. Bishop, both of Canton, Ohio, and Warren G. Wheeler, of Milwaukee, Wis., for appellee.

Before EVANS, FITZHENRY, and ALSCHULER, Circuit Judges.

FITZHENRY, Circuit Judge.

This is an appeal from a decree of the District Court holding that certain stovepipe seams manufactured by appellant in

fringed certain patents belonging to appellee, namely United States Letters Patent, reissue No. 18,444 to Krantz, No. 1,900,749 to Sladky, and No. 1,900,750 to Krantz, relating to snap joint seams for stovepipe.

Two different types of seams have been manufactured and sold by appellant. The first of these types, represented by Plaintiff's Exhibits 1 and 2, was alleged to infringe claims 5, 6, 9, 19, 22, and 23 of reissue No. 18,444, claims 1, 3, and 4 of No. 1,900,749, and claims 1, 2, 5, and 7 of No. 1,900,750. The District Court found these claims to be valid and infringed. The manufacture of that type of stovepipe was discontinued before this suit was brought.

PLAINTIFF'S EXHIBITS NOS. 1 AND 2.

The second type of stovepipe seam manufactured by appellant is represented by Defendant's Exhibit 29 and Plaintiff's Exhibit 30. It is alleged to infringe claims 1 to 5 of reissue No. 18,444 and the District Court so held. The manufacture of this pipe was stopped by the District Court's issuing a preliminary injunction following the filing of this suit.

DEFENDANT'S EXHIBIT NO. 29.

The problem which confronted the art and provided the stimulus to inventive genius in this case was the demand for a stovepipe which might be left open and the sections of which might be nested for convenient shipping, but with longitudinal edges provided with interlocking formations which would enable them to be readily assembled later. All of the interlocking formations concerned in this appeal consist of a socket on one edge and a tongue on the other. The tongue is inserted in the socket and held there by interlocking formations which vary in the different seams involved.

Do claims 1 to 5 of the Krantz reissue 18,444 represent invention over the seams

disclosed in the prior art by Edwards, Wylie, and Kaiser?

KRANTZ REISSUE SEAM

Claims 1 and 5 are typical claims of the Krantz reissue patent. They read as follows:

"1. A pipe section comprising a metallic sheet, one margin of which is folded flat against the inside of the sheet and then refolded to form a flange spaced from the first named fold and defining a groove, said flange terminating in a rearwardly disposed hook locking shoulder, the other margin of the sheet being insertable into said groove and having a rearwardly disposed angularly hooked locking shoulder arranged at an acute angle to the adjacent surface of the pipe section for locking engagement with the first named locking shoulder, the hooked locking shoulders being located within the cylindric peripheral wall of the pipe, the exterior of the pipe being smooth and unbroken and the exterior of the joint being flush.

"5. An interlocking pipe seam comprising a male formation along one edge and an interlocking female formation along the other edge, the female formation comprising a reversely bent edge providing spaced walls enclosing a pocket opening at the edge of the pipe, and a rearwardly hooked bead in the terminal wall of the said pocket, the male formation having a portion located inside the plane of the wall of the pipe and receivable within the pocket at the rear of the bead."

All of these claims are combination claims, the patentee admitting that the elements are old, but contending that the combination is a means, an invention, distinct from them. The Patent Office and the District Court have so found and this finding we are hardly justified in disturbing.

Our study of the exhibits in this case leads us to agree with the District Judge that:

"Krantz accomplished something in the art, resulting in a greater facility in as-

sembling, a greater security in locking, and a greater strength in handling and using, all accomplished with a smooth exterior and with a minimum amount of metal."

Krantz evolved a more successful solution of the problem which was recognized by the Kaiser patent No. 522,599 more than forty years ago, by the Wylie patent No. 714,629, more than thirty years ago, and by the Edwards patent No. 1,153,204, more than twenty years ago.

The distinguishing feature of the Krantz reissue patent is the rearwardly disposed hooked locking shoulder or "rearwardly hooked bead" which is not disclosed by the prior art and which resulted in a better seam. That there was room for improvement on the seams in the prior art, that they were not giving completely satisfactory results, appellant has admitted by its own conduct.

If there were any doubts in our minds as to the validity of appellee's patent, those doubts would be resolved by the fact that the validity of the patent has been acknowledged by those best qualified to judge in this respect—the manufacturers of infringing devices—several of whom have entered into licensing agreements with appellee or have discontinued the manufacture of infringing devices. Furthermore, the record discloses that the public has recognized the merit of the Krantz device and that it has come into extensive use and has superseded other types of stovepipe so that from 70 per cent. to 80 per cent. of the business of appellee, who claims to be the largest manufacturer of stovepipe in the world, is in pipes manufactured under this patent. All this tends to confirm us in our conclusion that Krantz produced a combination that solved the problem confronting the art more successfully than any one else had been able to do.

It is earnestly contended by appellant that even if the Krantz reissue patent be held valid, appellant is not infringing by the manufacture and sale of the structure shown in Exhibit 30. In our opinion the structure shown in Exhibit 30 is the substantial equivalent of that disclosed by the Krantz reissue patent and constitutes an infringement. This issue is one over which the parties may legitimately argue. The evidence, however, supports the conclusion that the infringing interlocking formations are the equivalent of the structures described by Krantz in his reissue patent.

What has been said of the Krantz reissue patent applies as well to the second patent of Krantz and to the Sladky patent. Both are entitled to recognition and both are infringed.

The decree of the District Court is affirmed.

### ALSCHULER, Circuit Judge.

Conceding the, to me, doubtful proposition of patentable advance in Krantz reissue over Kaiser (522,599, 1894), Wylie (714,629, 1902), and Edwards (1,153,204, 1915), I am of the view that appellee's two other patents sued on (Krantz, 1,900,750, 1933, and Sladky, 1,900,749, 1933), both subsequent to Krantz's reissue, and both found valid and infringed, do not show patentable advance over Krantz reissue. Sladky shows a doubling or folding of the inserting member for only the obvious purpose of stiffening the edge; and Krantz's second patent shows very much the same construction, one form having an edge flange for the same purpose; which flange, besides being obviously for the purpose of stiffening, was old in Krantz reissue, as well as in Kaiser. Rose (1,715,008, 1929) also shows (Fig. 9) the double thick inserting member.

To my mind the Sladky and Krantz second patents are invalid. But if in this crowded art they be allowed the precise construction they show, in my judgment they would not be infringed by Appellant's Exhibit 29. I believe that in any event the complaint should have been dismissed as to the Sladky and Krantz second patents.